Approved:    ORIGINAL
BENJAMIN A. GIANFORTI/CHRISTOPHER BRUMWELL
Assistant United States Attorneys

Before:   HONORABLE LISA MARGARET SMITH
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA          :   **SEALED COMPLAINT**
                                  :
       - v. -                     :   Violations of
                                  :   21 U.S.C. §§ 841(a)(1),
WILLIAM HARDEE, a/k/a "Migo,"     :   841(b)(1)(B) and (b)(1)(C)
                                  :
              Defendant.          :   COUNTIES OF OFFENSE:
                                  :   WESTCHESTER, BRONX
- - - - - - - - - - - - - - - - - X

19mj 10756

SOUTHERN DISTRICT OF NEW YORK, ss.:

JOHANNA SANTOS, being duly sworn, deposes and says that she is a Task Force Officer with the Drug Enforcement Administration, and charges as follows:

COUNT ONE

1. On or about June 28, 2017, in the Southern District of New York, WILLIAM HARDEE, a/k/a "Migo," the defendant, intentionally and knowingly distributed and possessed with intent to distribute a controlled substance.

2. The controlled substance that WILLIAM HARDEE, a/k/a "Migo," the defendant, distributed and possessed with intent to distribute contained a detectable amount of cocaine, in violation of 21 U.S.C. § 841(b)(1)(C).

(Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(C).)

COUNT TWO

3. On or about July 19, 2017, in the Southern District of New York, WILLIAM HARDEE, a/k/a "Migo," the defendant, intentionally and knowingly distributed and possessed with intent to distribute a controlled substance.

4. The controlled substance that WILLIAM HARDEE, a/k/a "Migo," the defendant, distributed and possessed with intent to distribute was 28 grams and more of mixtures and substances containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(B).

(Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(B).)

COUNT THREE

5. On or about August 31, 2017, in the Southern District of New York, WILLIAM HARDEE, a/k/a "Migo," the defendant, intentionally and knowingly distributed and possessed with intent to distribute a controlled substance.

6. The controlled substance that WILLIAM HARDEE, a/k/a "Migo," the defendant, distributed and possessed with intent to distribute was 28 grams and more of mixtures and substances containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(B).

(Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(B).)

The bases for my knowledge and the foregoing charges are, in part, as follows:

7. I am a Task Force Officer with the Drug Enforcement Administration ("DEA"), and I have been personally involved in the investigation of this matter. This Affidavit is based upon my personal participation in the investigation, including my review of pertinent documents and recordings, my participation in surveillance, my examination of reports and records, and my conversations with other law enforcement officers and other individuals. Because this Affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

8. Since in or about June 2017, I and other members of law enforcement have been investigating WILLIAM HARDEE, a/k/a "Migo," the defendant, for allegedly selling narcotics in and around Mount Vernon, New York. During the course of this

2

investigation, I and other members of law enforcement conducted three controlled purchases of cocaine and crack cocaine from HARDEE with the assistance of a confidential informant (the "CI").[1] These controlled purchases took place in Westchester County and the Bronx. Prior to each of these purchases, the CI was searched for contraband by a member of law enforcement, and no contraband was found.

### June 28, 2017 Controlled Purchase

9. On or about June 28, 2017, I and other members of law enforcement met with the CI at a prearranged location to conduct a controlled purchase of cocaine from WILLIAM HARDEE, a/k/a "Migo," the defendant. Prior to the controlled purchase, another member of law enforcement searched the CI and found no contraband.

10. Thereafter, the CI was provided with approximately $2,000 in prerecorded buy money. At approximately 2:10 PM, in the presence and at the direction of law enforcement, contact was made with WILLIAM HARDEE, a/k/a "Migo," the defendant, to set up a purchase of cocaine. HARDEE advised the CI to meet him at a particular location in Mount Vernon. The CI made his/her way to this location, which was under surveillance by me and other members of law enforcement.

11. At approximately 2:30 PM, upon the CI's arrival at the location in Mount Vernon, WILLIAM HARDEE, a/k/a "Migo," the defendant, directed the CI to meet him at a second location in Yonkers, New York.

12. At approximately 2:45 PM, the CI met WILLIAM HARDEE, a/k/a "Migo," the defendant, at the second location in Yonkers. Law enforcement followed the CI to the second location. When the CI arrived, HARDEE was standing outside of a vehicle. I and other members of law enforcement recognized HARDEE from his picture in law enforcement records.

---

[1] The CI has several drug convictions, including more than one felony conviction. The CI has been cooperating with law enforcement in exchange for payment, totaling approximately $20,000 to date. Based on my involvement in this investigation and conversations with other law enforcement officers, I can attest that the CI is reliable and that information provided by the CI in connection with this investigation has been corroborated.

3

13. Soon after arriving at the second location, another law enforcement officer observed WILLIAM HARDEE, a/k/a "Migo," get into the rear passenger seat of the CI's vehicle. Based on my and other law enforcement officers' conversations with the CI, I know that, during the approximately five minutes that the CI and HARDEE were inside the vehicle, the CI gave HARDEE the $2,000 in buy money in exchange for approximately 49.645 grams of a substance. The CI later gave this substance to members of law enforcement at a prearranged meeting location. The substance subsequently tested positive for the presence of cocaine pursuant to testing conducted by the Yonkers Police Department Forensic Science Laboratory (the "Yonkers Lab").

14. Law enforcement maintained surveillance of the entire transaction.

### July 19, 2017 Controlled Purchase

15. On or about July 19, 2017, I and other members of law enforcement met with the CI at a prearranged location to conduct a controlled purchase of crack cocaine from WILLIAM HARDEE, a/k/a "Migo," the defendant. Prior to the controlled purchase, another member of law enforcement searched the CI and found no contraband.

16. Thereafter, the CI was provided with approximately $2,200 in prerecorded buy money. In the presence and at the direction of law enforcement, the CI contacted WILLIAM HARDEE, a/k/a "Migo," the defendant, to set up a purchase of approximately 50 grams of crack cocaine. HARDEE advised the CI to meet him at a gas station in the Bronx.

17. At approximately 2:08 PM, the CI met with WILLIAM HARDEE, a/k/a "Migo," the defendant, at the gas station, which was under surveillance by me and other members of law enforcement. HARDEE was driving a white Honda Accord with a Georgia registration (the "White Honda"). I recognized HARDEE from his photo in law enforcement records and from the prior controlled purchase.

18. Shortly after arriving at the gas station, I and other members of law enforcement observed the CI make a hand-to-hand transaction with WILLIAM HARDEE, a/k/a "Migo," the defendant. The CI later gave the substance provided to him by HARDEE in the hand-to-hand transaction to members of law enforcement at a prearranged meeting location. Based on testing subsequently conducted by the Yonkers Lab, the substance weighed

4

approximately 42.510 grams and tested positive for the presence of crack cocaine.

19.   Law enforcement maintained surveillance of the entire transaction.

### August 31, 2017 Controlled Purchase

20.   On or about August 31, 2017, I and other members of law enforcement met with the CI at a prearranged location to conduct a controlled purchase of crack cocaine from WILLIAM HARDEE, a/k/a "Migo," the defendant.  Prior to the controlled purchase, another member of law enforcement searched the CI and found no contraband.

21.   Thereafter, the CI was provided with approximately $2,100 in prerecorded buy money.  In the presence and at the direction of law enforcement, the CI contacted WILLIAM HARDEE, a/k/a "Migo," the defendant, to set up a purchase of approximately 50 grams of crack cocaine.  HARDEE advised the CI to meet him at a CVS parking lot in the Bronx. At approximately 6:00 PM, the CI met with HARDEE at the CVS parking lot, which was under surveillance by me and other members of law enforcement.  HARDEE was driving the White Honda. I recognized HARDEE from his photo in law enforcement records and from the prior controlled purchases.

22.   Shortly after arriving at the CVS parking lot, I and other members of law enforcement observed the CI make a hand-to-hand transaction with WILLIAM HARDEE, a/k/a "Migo," the defendant. The CI later gave the substance provided to him by HARDEE in the hand-to-hand transaction to members of law enforcement at a prearranged meeting location. Based on testing subsequently conducted by the Yonkers Lab, the substance weighed approximately 37.800 grams and tested positive for the presence of crack cocaine.

23.   Law enforcement maintained surveillance of the entire transaction.

WHEREFORE, the deponent respectfully requests that WILLIAM HARDEE, a/k/a "Migo," the defendant, be arrested and imprisoned or bailed, as the case may be.

TFO _____
JOHANNA SANTOS
Task Force Officer
Drug Enforcement Administration

Sworn to before me this
____ day of November, 2019

_____
HONORABLE LISA MARGARET SMITH
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK